IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DARRIN L. SWIGGETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-2318 (MN) |
| | ) |
| SPO BRANDON ESBENSHADE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington, this 6th day of October 2020:

**Introduction**. Plaintiff proceeds *pro se*. On August 25, 2020, he filed a second request to proceed *in forma pauperis*. (D.I. 6). On August 27, 2020, the motion was denied as moot with the order noting that the case was dismissed on February 19, 2020. (D.I. 7). On August, 31, 2020, Plaintiff filed a motion to reopen the case, construed by this Court as a motion for reconsideration. (D.I. 8).

**Discussion**. The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or reconsideration

may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5.

Reconsideration is not warranted. When Plaintiff commenced this action he sought *in forma pauperis* status with a short form application to proceed without prepaying fees or costs. (D.I. 1). On January 3, 2020, this Court advised Plaintiff that long form applications, not short form applications, were used by this Court to determine a plaintiff's *in forma pauperis* status and ordered Plaintiff to submit a long form application to proceed in District Court without prepaying fees or costs, Form AO 239, or to pay the filing fee in full. (D.I. 4). When Plaintiff failed to do either within the time provided by this Court, on February 19, 2020, the case was dismissed. (D.I. 5). Plaintiff did not move this Court to reconsider dismissal of his case. Six months later, Plaintiff filed a copy of the application to proceed without prepaying fees or costs that he had filed when he commenced the case. (*Compare* D.I. 1 to D.I. 6). That is, he once again filed a short form application and not a long form application. This Court denied the duplicate motion as moot and noted that the case was closed. (D.I. 7).

Plaintiff seeks reconsideration on the grounds that the case should be reopened due to a clerical error, mishandling, or overlooking forms he submitted for filing. To the contrary, there has been no clerical error, mishandling, or overlooking of forms that Plaintiff submitted. Rather, Plaintiff repeatedly submitted the wrong application to proceed without prepaying fees or costs.

2

Plaintiff has not complied with this Court's orders and provides no basis for reopening the case or for this Court to reconsider its prior orders.

**Conclusion**.   Therefore, for the above reasons, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration (D.I. 8) is DENIED.

The Honorable Maryellen Noreika
United States District Judge